IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SABRINA B. PEBBLES,
    *Plaintiff,*

v.

MECU CREDIT UNION,
    *Defendant*

Case No. 25-cv-289-ABA

**MEMORANDUM and ORDER**

Self-represented Plaintiff Sabrina Pebbles filed her complaint on January 29, 2025 in which she alleges that she was awarded $9 billion in a settlement and that $1 billion of that money had been deposited in her bank account (presumably with Defendant "MECU Credit Union," but the complaint does not say). ECF No. 1 at 6. She claims that a number of ex-coworkers borrowed money from her and that her bank account reached a zero balance. *Id.* Ms. Pebbles alleges that over a dozen famous celebrities such as Beyoncé, R. Kelly, Diddy, and Mariah Carey are among those ex-coworkers that still owe her multiple millions of dollars each. *Id.* Separately, she states that she is looking for a new management team to negotiate a contract. *Id.* Ms. Pebbles also asks that the Court contact her relatives, which allegedly include celebrities such as The Dream, Shemar Moore, Shawn Baker, and Judge Joe Brown. *Id.* It is not clear, but Ms. Pebbles may also be accusing Mariah Carey of identity theft. *Id.* at 7. The Court will, on its own initiative, dismiss the complaint for lack of subject matter jurisdiction.

Federal courts have limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Federal

courts have original jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332. Ms. Pebbles lists federal question jurisdiction as the basis for this Court's jurisdiction and the specific provisions that are at issue as "1. Interrogate, issue arrest," "2. How long?," and "3. Return of controversy." ECF No. 1 at 4. None of these statements are statutes that could provide subject matter jurisdiction.

Moreover, while the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not mean that this Court can ignore a clear failure to allege facts that set forth a plausible claim, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid" *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). In this case, Ms. Pebbles has not paid the fee and has instead moved for *in forma pauperis* status. And, "because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." *Id.* A complaint is frivolous if it is "based on an indisputably meritless legal theory, but also . . . [when its] factual contentions are clearly baseless" such as those "describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989) (describing frivolousness under now 28 U.S.C. § 1915(g) in the context of self-represented prisoners). Even reading the complaint with

deference to Ms. Pebbles, the Court has failed to find any non-frivolous plausible basis for any cause of action. Accordingly, the complaint will be dismissed.

## ORDER

For the reasons stated above, Ms. Pebbles motion for *in forma pauperis* (ECF No. 2) is DENIED and her complaint is DISMISSED with prejudice. The Clerk of Court shall mark the case as CLOSED.


Date:  March 24, 2025                              /s/
                                             Adam B. Abelson
                                             United States District Judge